## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| v. | **CIVIL ACTION NO. 2:11-CV-178-KS-MTP** |
| **BOBBIE M. GADDIS, et al** | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER

Plaintiff, the United States of America, seeks the Defendants' eviction from a home upon which Plaintiff claims to have foreclosed, and back rent in the amount of $323.00 per month from July 1, 2007, to the date of judgment. For the reasons stated below, the Court **grants** the Motion for Summary Judgment [8] filed by the United States.

### A. *Background*

On March 5, 1984, Darrell L. Gaddis and Defendant Bobbie M. Gaddis purchased the subject property located at 160 River Road, Hattiesburg, Mississippi 39401.[1] They executed a promissory note in favor of Rural Development, United States Department of Agriculture, in the sum of $39,700.00. The note provided that upon failure to pay any installment of principal or interest the entire unpaid balance may become due and payable. Along with the promissory note, Defendants executed a Dead of Trust to the Farmers Home Administration of the USDA, which was filed with the Chancery Clerk of Forrest County, Mississippi.

In 2003, Darrell L. Gaddis conveyed his full interest in the subject property to Defendant Bobbie Gaddis in a divorce settlement. Defendant eventually became

---

[1]A legal description of the subject property is on page 5 of Document 8-3.

delinquent in the repayment of the loan, and the United States sent a Notice of Acceleration to both her and her ex-husband on August 30, 2006. Defendant received the notice, but she did not cure the delinquency.

Consequently, the United States initiated foreclosure proceedings. On May 31, 2007, it posted a Notice of Sale on the bulletin board of the Forrest County Courthouse in Hattiesburg, Mississippi. It also published the notice in the Hattiesburg American newspaper on May 31, June 7, June 14, and June 21, 2007, and mailed copies of the notice to both Defendant and her ex-husband via certified mail on June 1, 2007.

As provided in the Notice of Sale, a foreclosure sale was held on June 25, 2007, and the United States – the only bidder – purchased the property for $37,003.00. A Substitute Trustee's Deed conveying title to the United States was executed and filed with the Forrest County Chancery Clerk on July 25, 2007.

After the foreclosure sale, the USDA sent Defendant a letter informing her that the property had been sold, and that she was required to vacate the premises. Defendant and her family still reside on the property, however. Despite several visits from USDA agents, they have refused to vacate the home.

**B.    *Standard of Review***

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must

merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

## C.   *Discussion*

There are no factual disputes in this matter. Defendants admitted all of the allegations made by the United States and failed to offer any evidence in their defense. All that remains, then, is to determine whether the United States complied with Mississippi's law regarding non-judicial foreclosures.

Non-judicial foreclosures are authorized by Mississippi statute. MISS. CODE ANN. § 89-1-55; *see also Peoples Bank & Trust Co. v. L & T Developers, Inc.*, 434 So. 2d 699,

708 (Miss. 1983). When an owner executes a deed of trust, "the property is conveyed by the grantor (trustor) to a trustee, subject only to the requirements that the grantor/debtor perform the conditions and provisions of the deed of trust . . . . Upon default by debtor in performance of the conditions of the trust, the trustee is empowered to foreclose." *Peoples Bank*, 434 So. 2d at 708 (citing MISS. CODE ANN. § 89-1-43). The debtor "loses title to the encumbered property immediately upon default of the terms of the deed of trust or the underlying promissory note. The subsequent foreclosure is the mechanism by which the trustee procedurally perfects the interest which is automatically transferred upon default." *In re Martin*, 276 B.R. 552, 556 (Bankr. N.D. Miss. 2001). Therefore, if the debtor breaches the deed of trust and the trustee complies with the statutory and contractual prerequisites to foreclosure, the "trustee's deed is a conveyance absolute as though the trustee held fee simple title. It cuts off the equity of redemption and any other rights in and to the property . . . ." *Peoples Bank*, 434 So. 2d at 708.

It is undisputed that Defendant Bobbie Gaddis defaulted on her loan and failed to cure the default when offered a chance to do so. It is likewise undisputed that the United States complied with the terms of the promissory note and deed of trust, and with the Mississippi law regarding non-judicial foreclosure sales. Accordingly, the United States did all that was required to perfect the ownership interest automatically transferred to it upon Defendants' default.

**D.    *Conclusion***

For the reasons stated above, the Court **grants** the Motion for Summary

4

Judgment [8] filed by the United States of America.

The Court grants the United States of America immediate and exclusive possession of the subject property, located at 160 River Road, Hattiesburg, Mississippi 39401. A legal description of the property may be found in the docket on page 5 of Document 8-3.

The court further orders Defendants Bobbie M. Gaddis; Nell Magee; and Carroll Gaddis, individually and as natural guardian and best friend of her unidentified minor children, to immediately vacate the property.

The Court also awards the United States of America back rent from July 2007 (the first month following the date of foreclosure) to May 2012 (the final full month before the entry of judgment) in the amount of $323.00 per month (the amount of Defendants' mortgage payment) – a total monetary judgment against Defendant Bobbie M. Gaddis in the amount of $19,057.00.[2]

The Court will enter a separate judgment consistent with this opinion and order, and the Court instructs the Clerk to issue a writ of possession upon the entry of judgment.

SO ORDERED AND ADJUDGED this 7th day of June, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[2]($323.00 per month)(59 months) = $19,057.00

5